UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REBECCA HITCHCOCK and
NORA HITCHCOCK,

Plaintiffs,

v.

Case No. 26-cv-0102-bhl

UNITED STATES OF AMERICA,

Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On January 21, 2026, Plaintiffs Rebecca and Nora Hitchcock, proceeding without an attorney, filed a complaint against Defendant the United States of America. (ECF No. 1.) Plaintiffs attempt to bring a claim under the Federal Tort Claims Act (FTCA), alleging that Internal Revenue Service (IRS) employees failed to correct errors in the IRS's processing of their tax returns. (*Id.* ¶¶18–21.) Defendant has moved to dismiss, arguing that the FTCA does not waive the United States' sovereign immunity for claims related to tax matters. (ECF Nos. 4 & 5.) Defendant acknowledges that because Plaintiffs are proceeding *pro se*, the Court should liberally construe their pleadings and suggests that any dismissal be without prejudice and with leave to amend, allowing them to bring their claim under other statutory provisions that waive the United States' sovereign immunity in relation to tax assessment and collection. (ECF No. 5 at 2 (citing 26 U.SC §§7422, 7433).) The Court will adopt Defendant's suggestion, grant the motion to dismiss, but allow Plaintiffs leave to amend their complaint.

**BACKGROUND[1]**

Plaintiffs Rebecca Hitchcock and Nora Hitchcock are residents of Milwaukee County, Wisconsin. (ECF No. 1 ¶4.) Rebecca Hitchcock was employed by Ricoh USA from 2012 to 2015. (*Id.* ¶9.) During that time, Ricoh incorrectly reported Rebecca Hitchcock's wages under Nora

[1] This Background is derived from Plaintiffs' complaint, (ECF No. 1), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

Hitchcock's social security number. (*Id.*) This led to false IRS wage records for both Rebecca and Nora Hitchcock, causing errors in their tax liabilities and refunds. (*Id.* ¶10.) Plaintiffs contacted both Ricoh USA and the IRS to correct the errors between 2016 and 2021, but the errors were not corrected. (*Id.* ¶11.) Ricoh issued corrected W-2 forms in November 2021 but did not transmit the corrected data to the Social Security Administration, causing further IRS delays. (*Id.* ¶12.)

"Plaintiffs filed amended returns for 2012, 2013, 2014, and 2015." (*Id.* ¶13.) The IRS processed only the 2014 return and provided a corrected refund of $11,077 in May 2025. (*Id.* ¶¶13–14.) Plaintiffs filed an administrative claim with the IRS Office of Chief Counsel on July 3, 2025. (*Id.* ¶6.) Plaintiffs later filed an amended administrative claim on September 17, 2025, increasing their claimed damages to $250,000. (*Id.* ¶7.) They had not received a written denial by January 3, 2026. (*Id.* ¶8 (citing 28 U.S.C. §2675(a)).) On November 1, 2025, Plaintiffs learned from the IRS Identity Theft Clearing House that the IRS had placed "identity-theft holds" on Rebecca Hitchcock's 2012 and 2013 filings, which had not previously been communicated to Plaintiffs. (*Id.* ¶16.)

## LEGAL STANDARD

To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the United States' sovereign immunity to that cause of action. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). The FTCA, 28 U.S.C. §1346(b)(1), grants jurisdiction and waives the United States' sovereign immunity, but only in some circumstances. The statute creates federal jurisdiction to decide cases brought against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission" of any federal employee acting within the scope of their employment if a private person would be liable to the plaintiff for the same conduct. Section 2674 waives the United States' sovereign immunity for those types of claims.

But the FTCA also includes several exceptions under which the United States retains sovereign immunity from suits related to certain types of conduct. Section 2680(c) exempts the government from liability and retains its sovereign immunity for claims "arising in respect of the assessment or collection of any tax." This includes claims that the IRS refused to issue a replacement tax refund, as well as other, broader, activities that arise in respect of its collection or assessment of taxes. *Clark*, 326 F.3d at 913; *see e.g. Jones v. United States*, 16 F.3d 979, 980–81

(8th Cir. 1994) (holding §2680(c) applies to overzealous IRS investigation into tax practices). The FTCA also applies only to torts, *Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991), and violations of federal statutes cannot provide the basis for a FTCA claim. To allege a viable FTCA claim, a plaintiff must allege a viable state law tort claim under the applicable state's law. *Id.*; *Clark*, 326 F.3d at 914.

## ANALYSIS

Plaintiffs' complaint attempts to raise a FTCA claim related to the IRS's handling of Plaintiffs' W-2s and amended tax returns. (ECF No. 1 ¶¶18–21.) This claim cannot be brought under the FTCA because Section 2680(c) does not waive the United States' sovereign immunity for claims "arising in respect of the assessment or collection of any tax." 28 U.S.C. §2680(c). The Seventh Circuit has interpreted failing to issue tax refunds, and other activities related to collecting taxes, as falling within this exception. *Clark*, 326 F.3d at 913. Accordingly, Defendant is correct that Plaintiffs' attempt to assert tax-related claims under the FTCA is barred by sovereign immunity. (ECF No. 5 at 5, 7–8.)

Plaintiffs argue that because their claim "sound[s] in prolonged operational negligence," namely the IRS's failure to correct errors after receiving actual notice, it can be brought under the FTCA. (ECF No. 7 at 3.) This argument is unavailing because it does not address the bigger problem; the United States has not waived its sovereign immunity for tort suits involving the assessment or collection of taxes. 28 U.S.C. §2680(c); *Clark*, 326 F.3d at 913; *Jones*, 16 F.3d at 980–81.

Defendant raises the possibility that Plaintiffs may be able to bring a claim under 26 U.S.C §§7422 or 7433. (ECF No. 5 at 13–19.) Given Plaintiffs' *pro se* status, the Court will allow them the chance to replead to try to state a viable claim. The Court notes, however, that both statutory options flagged by the Defendant have prerequisites that may bar Plaintiffs' claims.

First, 26 U.S.C. §7422 allows federal taxpayers to maintain a suit to "recover[] any internal revenue tax alleged to have been erroneously or illegally assessed or collected," but requires that a plaintiff must file a claim for refund to the IRS before filing suit. 26 U.S.C. §7422(a). There is also a time limit for doing so (claims must be submitted within either three years of the filing of the tax return, or two years from the time the tax was paid). 26 U.S.C. §6511(a). A claimant must also either receive a written denial or wait at least six months after filing a claim, without receiving a determination, before filing suit. 26 U.S.C. §6532(a)(1).

Second, Section 7433(a) permits taxpayers to bring an action for damages when an officer or employee of the IRS "disregards any provision of [the tax code] or any regulation promulgated under [it.]" 26 U.S.C. §7433(a). This provision also requires that plaintiffs first exhaust their administrative remedies available through the IRS. *Id.* §7433(d)(1). Any action must be brought within two years from the date the cause of action accrued. *Id.* §7433(d)(3). In addition, this provision only allows a plaintiff to sue for "violations of the tax code in the collection process itself but not for alleged violations of law in assessing taxes." *Goldberg v. United States*, 881 F.3d 529, 534 (7th Cir. 2018). Successful plaintiffs may only recover "actual, direct economic damages sustained by the plaintiff" and the costs of the action. 26 U.S.C. §7433(b)(1)–(2).

Plaintiffs might not be able to amend their complaint to state a viable claim. But, as Defendant suggests, the Court will grant Plaintiffs leave to amend their complaint because the Court cannot say that amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Based on the age of the tax returns at issue, Plaintiffs' claims may well be untimely. It is also not clear if they exhausted their administrative remedies; Plaintiffs note that they filed an administrative claim with the IRS Office of Chief Counsel on July 3, 2025, and amended it on September 17, 2025, but it is not clear what they included in their administrative claim. (ECF No. 1 ¶¶6–7.) If Plaintiffs wish to pursue claims under either 26 U.S.C. §§7422 or 7433, or some other statute they believe is applicable, they should allege facts to establish when they filed their amended tax returns, when they filed refund claims, what tax payments they seek to have refunded, and when those payments were made.

## CONCLUSION

Plaintiffs' complaint will be dismissed, and the Court will grant Plaintiffs leave to file an amended complaint. Accordingly, if Plaintiffs believe they can cure the deficiencies identified in this decision, they may file an amended complaint by September 2, 2026. The amended complaint must include the docket number assigned to this case and be labeled "Amended Complaint." It will supersede Plaintiffs' prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**. If Plaintiffs wish to continue this lawsuit, they must file an amended complaint on or before **September 2, 2026**.

Dated at Milwaukee, Wisconsin on August 3, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge